DORE, Judge.
This is a suit on a promissory note executed by the defendant in favor .of the plaintiff in the principal amount of $650.00 with interest at the rate of eight percent per annum from October 1, 1947, plus fifteen percent attorney’s fees. The execution of the note and nonpayment thereof is admitted, hut the defendant contends that it was given in connection with a lease contract and that this lease contract was violated by plaintiff, and that therefore, he is not indebted to plaintiff on the note.
The defendant further assumes the position of plaintiff in reconvention and seeks damages in the amount of $6,000.00 based on the allegation that plaintiff prevented him from saving some nine hundred (900) barrels of rice on the leased premises; that plaintiff permitted a re-entry on the leased premises by plaintiff’s lessees, disturbing the defendant’s peaceable possession; and that while the lease was in effect, the lessor caused the fences to be repaired and released cattle in part of the rice field for .grazing purposes; that he also burned another part of the rice crop and had another area plowed up, all of which he claims caused him to lose some nine hundred (900) barrels of rice from which he would have realized a profit of $6000.00.
In the alternative, the defendant sets forth that because of a hurricane which occurred in September, 1947, his rice crop was flattened, thereby causing a loss of two-thirds thereof, and that as a result of this fortuitious event, he is entitled to a reduction of two-thirds of the rental sued upon.
After trial of the case, the trial judge rendered judgment in favor of plaintiff and against the defendant as prayed for and dismissed the defendant’s reconven-tional demand. Defendant has appealed.
As shown in the trial judge’s written reasons for judgment, there is no question as to liability of the defendant on the promissory note identified by the contract of lease. The only real question in the case is whether or not there is any merit to the reconventional demand and as correctly stated by the trial judge, the burden of establishing the reconventional demand rests upon the defendant, and we agree with the trial judge’s findings, as follows:
“It is asserted, on the one hand, that plaintiff breached the contract of lease by taking possession of the leased premises prior to the termination of the lease contract, that is, prior to the defendant having completed the harvesting of his rice crop, this contention being predicated upon the fact that on September 8, 1947, plaintiff executed two separate lease contracts affecting, in part, the premises then under lease to the defendant. These two new contracts of lease embraced a total of 337 arpents of land, the lease to defendant, included therein, having an acreage of 130 acres. Though the two new leases were executed on September 8, 1947, a reading of the documents (Ex. D-2-D-3) discloses that the leases were made for a period of four years commencing September 8, 1947 and ending at the termination of the harvest of the rice crop of 1951. It further appears, however, that the purpose and objects to be served thereby was to enable these two new lessees to grow and harvest *240 annually, beginning in 1948, a rice crop on said land. It has been amply established, without contradiction, that plaintiff notified these two new lessees of defendant’s occupancy and possession under the latter’s lease and that they would not be able to takfe possession of the area covered by defendant’s lease until the latter had completed the harvesting of his rice crop. It clearly appears from the record that these two lessees, Abshire and Patin, did not move on the leased property until October 29, 1947 and that in doing so they did not attempt to exercise occupancy or possession of the property covered by defendant’s lease, but on the contrary, proceeded to remodel and rehabilitate the tenant houses which were to be occupied by them. These houses and lots had never been occupied or used by the defendant, nor were they included in his lease from plaintiff. The only evidence of any possession being exercised by these two new lessees was a showing that between Christmas Day and the New Year they proceeded to plow up approximately twenty (20) acres of land, five of which had never formed a part of defendant’s lease. The reason which this comparatively small area was plowed-up during the time afore-stated is because whatever remained of defendant’s crop in that small area was worthless, having completely rotted from saturation beyond the reach of salvage and which the defendant, from all appearances, had abandoned, his last effort in the harvesting thereof, being in the latter part of September 1947. It is also shown that the rice harvesting season ends in the early days of the month of December of each year.
“In the granting of leases covering farm lands for agricultural purposes, it is not unusual, but on the contrary, it is a well established custom, to do so during the months of September, October and November of each year, more particularly where new tenants are to occupy the premises for the succeeding crop year. This is a practice which is observed by most land owners, one of the primary reasons therefor being to obtain the best available tenants. It is well known and accepted that available tenants are limited in number, and more particularly, those who are considered experienced and reliable lessees. Hence, this prevailing condition creates competition among land owners, for should a land owner wait until the arrival of the new crop year before obtaining a lessee, his hopes of doing so are not only considered most unfavorable, but may result in idle farm lands or unprofitable farming operations.
“In addition thereto, it is not the execution of a lease contract which creates, vel non, a disturbance in fact. The peaceable possession of a lessee which a lessor warrants under our law is one of fact. The adverse possession of another ousting the former possessor or causing a disturbance of the latter may be proven like any other fact. There is not one iota of evidence in this record establishing that the defendant was disturbed in his peaceable possession, much less was there any act of adverse possession on the part of those two new lessees until after the harvesting season for that year had terminated. Not only did the plaintiff notify these two new lessees of defendant’s possession and occupancy and that the latter should not be disturbed until after the harvesting season, but it is also shown that these two new lessees scrupulously respected and observed this notice.”
It appears to us from the evidence that if the defendant lost part of his rice crop, it was due entirely to his own fault in harvesting his rice only once, at which time he secured a yield of 58S barrels subsequent to the alleged hurricane; we agree with the trial judge that there is no proof of the heavy losses alleged in the reconven-tional demand, and see no reason for allowing the defendant a reduction in the rental because of the alleged damage caused by a hurricane. In any event, we agree with the lower Court that the defendant has failed to establish any damages caused by plaintiff to a legal certainty.
For these reasons, the judgment appealed from is affirmed.
ROBERT D. JONES, J., sitting ad hoc.